IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NOS.:
1:25-cv-00285-MR
1:25-cv-00310-MR
1:25-cv-00311-MR
1:25-cv-00313-MR
1:25-cv-00321-MR
1:25-cv-00322-MR
1:25-cv-00323-MR
1:25-cv-00324-MR
1:25-cv-00325-MR
1:25-cv-00326-MR

| | |
|---|---|
| IN RE HOLCOMB, | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on review of the dockets in the above-captioned matters, Plaintiff's "Motion(s) to Dismiss Without Prejudice" [Case Nos. -285, Doc. 16; -310, Doc. 7; -311, Doc. 6; -313, Doc. 6; -321, Doc. 5; -322, Doc. 5; -323, Doc. 5; -324, Doc. 5; -325, Doc. 5; and -326, Doc. 5], and on Plaintiff's pending motions in Case No. -285 [Docs. 5, 11, 13, 14].

## I. DISMISSAL OF THE ABOVE-CAPTIONED CASES

Since August 27, 2025, pro se Plaintiff Dean Alton Holcomb ("Plaintiff"), a North Carolina pretrial detainee,[1] has filed nineteen (19) civil actions in this Court.[2] Plaintiff's Complaints in the above-captioned cases contain allegations of *inter alia* the thwarting of legal research regarding kosher meal standards; Plaintiff's bipolar crisis and his sister's involvement in and his knowledge of a "child porn ring" operating in Brevard, North Carolina; the medication schedule at the Jail and the conditions of Plaintiff's confinement due to bipolar incidents; Plaintiff's disciplinary charges and the

---

[1] Although Plaintiff's address of record in this matter reflects that he is detained at the Transylvania County Detention Center ("TCDC") in Brevard, North Carolina, his more recent filings reflect that he has been transferred to Central Prison in Raleigh, North Carolina. [Doc. 9-1; see 9/29/2025 Text-Only Notice].

[2] Holcomb v. Rodriguez, 1:25-cv-00285-MR (W.D.N.C.), Doc. 1; Holcomb v. McCall, 1:25-cv-00310-MR (W.D.N.C.), Doc. 1; Holcomb v. McCall, 1:25-cv-00311-MR (W.D.N.C.), Doc. 1; Holcomb v. Transylvania Cnty. Sherrif's Office, 1:25-cv-00313 (W.D.N.C.), Doc. 1; Holcomb v. Freeman, 1:25-cv-00321 (W.D.N.C.), Doc. 1; Holcomb v. McCall, 1:25-cv-00322-MR (W.D.N.C.), Doc. 1; Holcomb v. McCall, 1:25-cv-00323-MR (W.D.N.C.), Doc. 1; Holcomb v. Vacher, 1:25-cv-00324-MR (W.D.N.C.), Doc. 1; Holcomb v. Transylvania Cnty. Sherrif's Office, 1:25-cv-00325-MR (W.D.N.C.), Doc. 1; Holcomb v. Transylvania Cnty. Detention Center, 1:25-cv-00326-MR (W.D.N.C.), Doc. 1; Holcomb v. State of North Carolina, 1:25-cv-00332-MR (W.D.N.C.), Doc. 1; Holcomb v. Brown, 1:15-cv-00333 (W.D.N.C.), Doc. 1; Holcomb v. Transylvania Cnty. Clerk of Court, 1:25-cv-00342 (W.D.N.C.), Doc. 1; Holcomb v. State of North Carolina, 1:25-cv-00356-MR (W.D.N.C.), Doc. 1; Holcomb v. Transylvania Cnty. Sheriff's Office, 1:25-cv-00343-MR, Doc. 1; Holcomb v. Transylvania Cnty. Detention Center, 1:25-cv-00357-MR, Doc. 1; Holcomb v. Brown, 1:25-cv-00358-MR (W.D.N.C.), Doc. 1; Holcomb v. State of North Carolina, 1:25-cv-00374-MR (W.D.N.C.), Doc. 1; Holcomb v. State of North Carolina, 1:25-cv-00386-MR (W.D.N.C.)]. Additionally, on October 2, 2025, Plaintiff also filed an action that has been construed as a petition for relief under 28 U.S.C. § 2241. [Case No. 1:25-cv-00341-MR, Doc. 1]. This petition is not included in Plaintiff's case count here.

related disciplinary hearing process; false imprisonment; denial of Plaintiff's "right to eat with the Gentiles;" denial of sufficient paper and interference with the legal process, and mail interference, all while at the Jail. [See id.].

Plaintiff now moves to dismiss Case Nos. -285, -310, -311, -313, -321, -322, -323, -324, -325, and -326 without prejudice. [Case Nos. -285, Doc. 16; -310, Doc. 7; -311, Doc. 6; -313, Doc. 6; -321, Doc. 5; -322, Doc. 5; -323, Doc. 5; -324, Doc. 5; -325, Doc. 5; and -326, Doc. 5]. As grounds, Plaintiff states that he has limited access to paper and that he has been transferred to Central Prison where his access to legal research is more limited. [Id.]. Although Plaintiff does not need leave of Court to dismiss these cases, the Court will nonetheless grant Plaintiff's motion and order that these cases be dismissed without prejudice. See Fed. R. Civ. P. 41(a)(1)(A)(i). The Court will deny the pending motions in Case No. -285 as moot.

Additionally, on September 29, 2025, the Clerk received mail in Case No. -310 with a return address not matching Plaintiff's address of record in the above-captioned actions. [Case No. -310, Doc. 3-1]. The Clerk, therefore, entered a Notice in all the above-captioned cases instructing the Plaintiff that he must notify the Clerk of any changes to his address within 14 days of the Notice and that the failure to do so may result in the dismissal of these actions. [See, e.g., id., 9/29/2025 Text-Only Notice]. The deadline

3

has passed, and the Plaintiff has not notified the Court of his new address. The above-captioned actions, therefore, would also be subject to dismissal on this ground.

## II. PREFILING REVIEW SYSTEM

On September 29, 2025, the Court entered an Order in the above-captioned actions directing the Plaintiff to show cause why a pre-filing review system should not be imposed. [See, e.g., Case No. -285, Doc. 7].

In response to the Show Cause Order, the Plaintiff repeatedly maligns the undersigned and threatens to "weaponize public outrage and flood [this] court with pro se filings," and he fails to articulate any cogent reason why a pre-filing review system should not be imposed. [See, e.g., id., Doc. 9]. For this reason, and for all the reasons set forth in the Court's prior Order [id., Doc. 7], the Court will direct that all documents submitted by the Plaintiff in the future will be pre-screened by the Court for content. Any proposed filings that are not made in good faith or which lack substance or merit will be returned to the Plaintiff without further explanation. See Foley v. Fix, 106 F.3d 556, 558 (4th Cir. 1997). Such a review system "will allow Plaintiff to have access to the Courts for his legitimate concerns, but will prevent him from usurping the Court's resources with his baseless submissions." Vandyke v. Francis, No. 1:12-cv-128-RJC, 2012 WL 2576747, at *3

(W.D.N.C. July 3, 2012). Thereafter, if such writings persist, the pre-filing system may be modified to include an injunction from filings. <u>In re Martin-Trigona</u>, 737 F.2d 1254, 1262 (2d Cir. 1984).

## III. CONCLUSION

In sum, the Court will grant Plaintiff's motion to dismiss Case Nos. Case Nos. -285, -310, -311, -313, -321, -322, -323, -324, -325, and -326 without prejudice and order that a pre-filing review system be imposed.

## ORDER

**IT IS, THEREFORE, ORDERED** that a pre-filing review system is hereby imposed, and all documents submitted by the Plaintiff in the future, whether in the above-captioned cases or in any other action filed in this District, will be pre-screened by the Court for content. Any proposed filings that are not made in good faith or which lack substance or merit will be returned to the Plaintiff without further explanation.

**IT IS FURTHER ORDERED** that Plaintiff's Motions to Dismiss [Case Nos. -285, Doc. 16; -310, Doc. 7; -311, Doc. 6; -313, Doc. 6; -321, Doc. 5; -322, Doc. 5; -323, Doc. 5; -324, Doc. 5; -325, Doc. 5; and -326, Doc. 5] are **GRANTED** and these actions are hereby **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that the pending motions in Case No. -285 [Docs. 5, 11, 13, 14] are **DENIED** as moot.

5

Case 1:25-cv-00311-MR    Document 7    Filed 11/14/25    Page 5 of 6

The Clerk is respectfully instructed to docket this Order in every case listed in the caption of this Order and to note the pre-filing review system in Plaintiff's filer status report.

The Clerk is respectfully instructed to close the above-captioned civil cases.

**IT IS SO ORDERED**.

Signed: November 13, 2025

Martin Reidinger
Chief United States District Judge